UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRAKASH MELWANI,

                Plaintiff,

    v.

AMAZON.COM, INC., et al.,

                Defendants.

CASE NO. C21-1329RSM

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS WITH LEAVE TO AMEND

## I.      INTRODUCTION

This matter comes before the Court on Defendant Amazon.com, Inc.'s Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6).  Dkt. #41.  Plaintiff Prakash Melwani opposes and has filed a cross-motion for leave to amend his complaint.  Dkt. #44.  For the reasons stated below, the Court GRANTS IN PART both Motions.

## II.      BACKGROUND

For purposes of this Motion to Dismiss, the Court will accept all facts in the Complaint, Dkt. #1, as true.  The Court will briefly summarize the relevant facts.

Plaintiff Melwani is the individual owner of the Royal Silk trademark and manufactures and sells a wide variety of products using this trademark.  Defendant Amazon.com is the well-known online retail giant.

Royal Silk products have been sold on Amazon.com since 2006 and can be viewed at RoyalSilkUSA.com, an e-commerce site owned and operated by Royal Silk Direct, Inc.

Plaintiff's marks are enrolled in Amazon Brand Registry, a program designed by Amazon to allow brand owners "greater influence and control" over their product listings on Amazon.com as well as "to proactively provide brand protection by removing suspected infringing or inaccurate content."   Amazon Brand Registry provides a customized brand dashboard and other selling and marketing tools and guides to enable brand owners to protect their products.

Royal Silk Direct maintains an authorized Royal Silk "storefront" on Amazon.com.

Since 2006, Plaintiff has been "plagued" by third party infringers of the Royal Silk marks across categories of goods at the Amazon marketplace.  In the last two to three years, Plaintiff's legal actions and notices have resulted in the removal of about 200 infringing listings from Amazon.com that were attributed to about 100 different unauthorized third-party sellers.

Plaintiff alleges that Amazon's Brand Registry has not offered proactive brand protection and that it has been "almost impossible" to remove any listing through Amazon's Brand Registry.  However, Amazon has "cooperated with Plaintiff in the removal of infringing listings by providing Plaintiff with alternative means of reporting."

Plaintiff's central allegation of wrongful conduct is that when customers use Amazon's Search Box (the search bar at the top of its e-commerce website) to search for "Royal Silk," results regularly include many products not manufactured by Plaintiff.  These products are sold by other third-party sellers and Amazon itself.

On August 19, 2020, Plaintiff searched for "Royal Silk" under all departments on Amazon.com, yielding 60 product listings, including "Sponsored" product listings—ads paid for by the seller.  Of these sixty listings, 17 were for official Royal Silk products, 40 listings were totally unrelated to the query Royal Silk—of these 40, 8 were paid sponsored ads for sellers who purchased the keywords "Royal Silk" and 32 were for third party sellers who

Plaintiff alleges "likely" purchased this keyword—the remaining 3 were third party infringers, unlawfully using or showing the words "Royal Silk" in their product listings.

Absent from this August 19, 2020, search was any mention of the Royal Silk Store or any product listings for Royal Silk pocket squares or handkerchiefs, of which there are allegedly over 200 product listings.

Plaintiff continued his examination of the website's search feature, querying "Royal Silk" under the women's department and the men's department, with similarly frustrating results. Finally, on that same day, Plaintiff searched for "Royal Silk Store," hoping to find a link to the authorized Royal Silk "storefront." The website produced 5000 results; the first page had 62 product listings of which zero were Plaintiff's merchandise. The second page had one. The third page had zero.

Plaintiff alleges that the above search results are "erroneous, scattershot, mingled" as well as "consistently confusing, misleading, false, and deceptive." Dkt. #1 at 14. Plaintiff, at this point in the pleading, considers this a violation of "objective business, public rights, legal and ethical standards" before turning to the Lanham Act. *Id*.

Plaintiff alleges that Amazon has misappropriated his trademark name by using the keyword "Royal Silk" on its webpage in various ways that: confuse the customer, "rob and thwart Plaintiff's ability to exercise his right to quality and image control," and ultimately allow Amazon to "unlawfully profit[] from its own targeted use of Plaintiff's marks." *Id*. at 15. Plaintiff discusses Amazon's use of "metatags" that contain the Royal Silk trademark, and how the burying of his actual Royal Silk Products further down in the results can lead to "initial interest confusion" and lost sales. Plaintiff alleges that Amazon sells the "Royal Silk" keyword to third party advertisers.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 3

Tellingly, Plaintiff points to Amazon's ability to avoid serving up infringers when it comes to keyword searches for its own products. As alleged, Amazon does not allow third party sellers to bid on the keywords "Fire TV" or "Echo Show" or "Ring Doorbell," products or services exclusively sold by Amazon.

The Complaint brings causes of action for trademark infringement under 15 U.S.C. § 1114(1)(a), false designation of origin under 15 U.S.C. § 1125(a)(1)(A), false advertising under 15 U.S.C. § 1125(a)(1)(B), trademark dilution under 15 U.S.C. § 1125(c), contributory trademark infringement under the above statute, contributory trademark dilution under the above statute, trademark dilution under N.Y. General Business Law § 360-1, common law trademark infringement, and unfair competition under the common law of New York. Dkt. #1. Plaintiff has sued Amazon.com and CEO Jeff Bezos. Plaintiff seeks to enjoin the above behavior, as well as compensatory, punitive and statutory damages.

Amazon has moved to dismiss all of Plaintiff's claims under Rule 12(b)(6). Dkt. #41. Plaintiff Prakash Melwani opposes and has filed a cross-motion for leave to amend his complaint. Dkt. #44.

### III.    DISCUSSION

#### A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met

when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## B. Trademark Infringement under 15 U.S.C. § 1114(1)(a)

Amazon first moves to dismiss all trademark infringement claims, arguing that the search results above do not create customer confusion.

To prevail on a claim of trademark infringement under the Lanham Act, "a trademark holder must show that the defendant's use of its trademark 'is likely to cause confusion, or to cause mistake, or to deceive.'" *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt.*, 618 F.3d 1025, 1030 (9th Cir. 2010) (quoting 15 U.S.C. § 1125(a)(1)—(a)(1)(A)). "The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Dreamwerks Prod. Group v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998). "The confusion must 'be probable, not simply a possibility.'" *Murray v. Cable NBC*, 86 F.3d 858, 861 (9th Cir. 1996). New York common law trademark claims similarly require a showing of a likelihood of confusion. *Allied Maint. Corp. v. Allied Mech. Trades, Inc.*, 42 N.Y.2d 538, 542-43 (1977).

Amazon cites to a case directly on point, *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930 (9th Cir. 2015), which held as a matter of law that "[b]ecause Amazon's search

results page clearly labels the name and manufacturer of each product offered for sale and even includes photographs of the items, no reasonably prudent consumer accustomed to shopping online would likely be confused as to the source of the products." 804 F.3d at 933.   Amazon summarizes the state of the law thusly:

> As for what a consumer would reasonably believe on seeing Amazon's search results, the Ninth Circuit has repeatedly held that Amazon's search results page—exactly what Mr. Melwani is challenging here—does not create a likelihood of confusion in a reasonably prudent consumer accustomed to shopping online. "A review of Amazon's web page shows that each product listed for sale is clearly labeled with the product's name and manufacturer and a photograph, and no [non-Melwani] product is labeled with [Mr. Melwani's] mark. Thus . . . it is highly unlikely that a reasonably prudent consumer accustomed to shopping online would be confused as to the source of the goods offered for sale on Amazon's web page." *Multi Time Mach.*, 804 F.3d at 939; *see also Lasoff*, 741 F. App'x at 401.

Dkt. #41 at 9.

Plaintiff briefly attempts to distinguish the facts of this case from those in *Multi Time*. Dkt. #44 at 5.   The Court finds that *Multi Time* is directly on point and forecloses Plaintiff's ability to bring this claim as a matter of law.   Plaintiff has failed to demonstrate any significant factual distinction between the search results for his products, as alleged, and those at issue in *Multi Time.*   Amazon adequately demonstrates that the search results discussed in the Complaint may be considered by the Court as incorporated by reference.

Amazon also address Mr. Melwani's claim that, once searched, Royal Silk will appear in the URL for the search page.   The Court agrees that the URL merely shows how the website's data is organized and/or the search term entered by the consumer, and that this does not violate trademark law.   *See Interactive Prods. Corp. v. a2z Mobile Off. Sols., Inc.*, 326 F.3d 687, 696-97 (6th Cir. 2003) ("Because post-domain paths do not typically signify source, it is unlikely

that the presence of another's trademark in a post-domain path of a URL would ever violate

trademark law.").

Given all of the above, the Court finds that this claim cannot survive Ninth Circuit

precedent directly on point and will dismiss it with prejudice.

**C. False Designation of Origin and False Advertising Claims**

Section 43(a) of the Lanham Act "creates two distinct bases of liability: false

association, 15 U.S.C. § 1125(a)(1)(A), and false advertising, 15 U.S.C. § 1125(a)(1)(B)."

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014). False

association claims arise from representations about "the affiliation, connection, or association,"

or "the origin, sponsorship, or approval" of goods or services. 15 U.S.C. § 1125(a)(1)(A). False

advertising claims, by contrast, arise only from representations regarding "the nature,

characteristics, quality, or geographic origin" of goods or services. Id. § 1125(a)(1)(B).

In *Lasoff v. Amazon.com, Inc.*, 741 F. App'x 400, 401 (9th Cir. 2018), the Ninth Circuit

rejected trademark infringement claims like Mr. Melwani's, holding that "Amazon is permitted

to use a trademarked search term to direct consumers to competing products, as long as the

search results are clearly labeled."  The court then dismissed the plaintiff's false advertising

claims as "duplicative of his infringement claim."  *Id*.  The court explained that false advertising

claims must be based on "false representations in advertising concerning the qualities of goods

or services," and that in providing results for trademarked search terms, "Amazon did not make

any statements about the quality of Mr. Lasoff's products."  *Id*.

As in *Lasoff*, Mr. Melwani's false advertising claim turns on the same allegations as his

trademark infringement claim, and Mr. Melwani has not plausibly alleged any statements by

Amazon about the quality of Mr. Melwani's products. The Court is not convinced that Mr.

Melwani could not possibly plead this claim. The false advertising claim is dismissed with leave to amend.

Amazon does not appear to address Mr. Melwani's false designation of origin claim, which will not be dismissed at this time.

**D. Trademark Dilution under 15 U.S.C. § 1125(c)**

"Dilution is a cause of action invented and reserved for a select class of marks—those marks with such powerful consumer associations that even non-competing uses can impinge on their value." *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 875 (9th Cir. 1999). A mark is famous enough to be protected under the dilution statute "only if a large portion of the general consuming public recognizes that mark. Put another way . . . the mark must be a household name." *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 911 (9th Cir. 2002). Courts examine four nonexclusive factors to determine whether marks are famous: (1) "[t]he duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties"; (2) "[t]he amount, volume, and geographic extent of sales of goods or services offered under the mark"; (3) "[t]he extent of actual recognition of the mark"; and (4) "[w]hether the mark was registered . . . ." 15 U.S.C. § 1125(c)(2)(A).

Amazon argues that Mr. Melwani fails to allege sufficient facts to support the above factors to determine whether his marks are famous. The Court agrees. Mr. Melwani's own statements that Royal Silk has acquired enormous value, goodwill and marketplace recognition in the United States may be true but are conclusory and insufficient to meet the high bar for pleading this claim in the Ninth Circuit. Plaintiff's citation to a 2005 jury verdict finding his mark famous is not persuasive as the legal standard has since become more stringent. However, the Court believes it is possible for Plaintiff to significantly expand his pleading on this claim and it will be dismissed with leave to amend.

**E.  New York claims for Unfair Competition and Dilution**

In order to state a claim for unfair competition under New York law, "there must be some showing of bad faith." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 35 (2d Cir. 1995). Similarly, a claim under New York's anti-dilution statute requires "either likelihood of confusion or bad faith." *Nina Ricci, S.A.R.L. v. Gemcraft Ltd.*, 612 F. Supp. 1520, 1532 n.11 (S.D.N.Y. 1985) (citing *Beneficial Corp. v. Beneficial Cap. Corp.*, 529 F. Supp. 445, 451 (S.D.N.Y. 1982)).

While the Complaint alleges Amazon's "misconduct has been in bad faith," Dkt. #1 at ¶ 118, the only supporting fact alleged is that Amazon is "generally aware of Plaintiff's infringement concerns and related legal actions," *id*. at ¶ 22.  This is insufficient to state a claim.

Plaintiff argues without citation that "Amazon's inaction amounts to bad faith."  Dkt. #44 at 10.  Yet "[p]rior knowledge of a senior user's trade mark does not necessarily give rise to an inference of bad faith and may [actually] be consistent with good faith."  *The Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 964 (2d Cir. 1996) (discussing bad faith in the context of the likelihood of confusion analysis).  More than inaction is needed here.  The Court has already found Plaintiff failed to demonstrate a likelihood of confusion as a matter of law in the federal context.  If it is possible for these claims to proceed, Plaintiff will need to plead facts to support a finding of bad faith.  Plaintiff has included new accusations in his briefing that were not pled, and may be able to survive dismissal with amendment.  Accordingly, the New York unfair competition and dilution claims are dismissed with leave to amend.

**F.  Claims against Amazon CEO Jeff Bezos**

The Lanham Act imposes liability for trademark infringement and other acts of unfair competition on a corporate officer who authorizes, directs, or participates in the unlawful acts. *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823-24 (9th Cir. 1996); *Coastal*

*Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999). Cases finding "personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, or the 'central figure' in the challenged corporate activity." *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1069 (9th Cir. 2016) (quoting *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 523 n.10 (9th Cir. 1989)).

All of Mr. Melwani's allegations against Mr. Bezos are found in a single, conclusory paragraph that pleads no facts about any involvement by Mr. Bezos in Amazon's allegedly infringing activity: "Jeff Bezos is the founder, CEO and chief control agent of Amazon. . . . Bezos authorized and directed the wrongful conduct described in this action. Plaintiff asserts claims against Bezos both in his individual capacity as well in his capacity as a corporate officer." Dkt. #1 at ¶ 6.  This is conclusory and insufficient to state a claim against Mr. Bezos. New allegations are found in responsive briefing. Accordingly, these claims are dismissed with leave to amend.

### G.  Leave to Amend to add Breach of Implied Covenant Claim

A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2).  Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment.  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted.

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

As the Court is already granting leave for Plaintiff to amend, the Court further grants leave for Plaintiff to add a claim for breach of the implied covenant of good faith and fair dealing. *See* Dkt. #44 at 13. Given the limited briefing on this issue, the Court cannot find that such a claim would be futile.

## IV.    CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

1)  Defendant Amazon.com, Inc.'s Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6), Dkt. #41, is GRANTED IN PART. Plaintiff's claim of Trademark Infringement under 15 U.S.C. § 1114(1)(a) is dismissed with prejudice. Plaintiff's second cause of action, for false designation of origin, is not dismissed. The remainder of Plaintiff's claims, including all claims against Jeff Bezos, are dismissed with leave to amend.

2)  Plaintiff's cross-motion for leave to amend, Dkt. #44, is GRANTED IN PART consistent with the above. Plaintiff shall file an amended complaint consistent with the above no later than thirty (30) days after the date of this Order.

DATED this 7th day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 11