UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRAKASH MELWANI,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM, INC., et al.,<br><br>　　　　　　　Defendants. | CASE NO. C21-1329RSM<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS |

## I.　INTRODUCTION

This matter comes before the Court on Defendant Amazon.com, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6). Dkt. #50. Plaintiff Prakash Melwani opposes and has filed a cross-motion for leave to amend his complaint a second time. Dkt. #54. For the reasons stated below, the Court GRANTS IN PART Amazon's Motion and DENIES Plaintiff Melwani's Motion.

## II.　BACKGROUND

For purposes of this Motion to Dismiss, the Court will accept all facts in the First Amended Complaint, Dkt. #49, as true. The Court will briefly summarize the relevant facts.

Plaintiff Melwani is the individual owner of the Royal Silk trademark and manufactures and sells a wide variety of products using this trademark. Defendant Amazon.com is the well-known online retail giant.

ORDER GRANTING IN PART MOTION TO DISMISS - 1

Royal Silk products have been sold on Amazon.com since 2006 and can be viewed at RoyalSilkUSA.com, an e-commerce site owned and operated by Royal Silk Direct, Inc.

Plaintiff's marks are enrolled in Amazon Brand Registry, a program designed by Amazon to allow brand owners "greater influence and control" over their product listings on Amazon.com as well as "to proactively provide brand protection by removing suspected infringing or inaccurate content." Amazon Brand Registry provides a customized brand dashboard and other selling and marketing tools and guides to enable brand owners to protect their products.

Royal Silk Direct maintains an authorized Royal Silk "storefront" on Amazon.com.

Since 2006, Plaintiff has been "plagued" by third-party infringers of the Royal Silk marks across categories of goods at the Amazon marketplace. In the last two to three years, Plaintiff's legal actions and notices have resulted in the removal of about 200 infringing listings from Amazon.com that were attributed to about 100 different unauthorized third-party sellers.

Plaintiff alleges that Amazon's Brand Registry has not offered proactive brand protection and that it has been "almost impossible" to remove any listing through Amazon's Brand Registry. However, Amazon has "cooperated with Plaintiff in the removal of infringing listings… by providing Plaintiff with secondary means of reporting."

Plaintiff's central allegation of wrongful conduct is that when customers use Amazon's Search Box (the search bar at the top of its e-commerce website) to search for "Royal Silk," results regularly include many products not manufactured by Plaintiff. These products are sold by other third-party sellers and Amazon itself.

On August 19, 2020, Plaintiff searched for "Royal Silk" under all departments on Amazon.com, yielding 60 product listings, including "Sponsored" product listings—ads paid for by the seller. Of these sixty listings, 17 were for official Royal Silk products, 40 listings

were totally unrelated to the query Royal Silk—of these 40, 8 were paid sponsored ads for sellers who purchased the keywords "Royal Silk" and 32 were for third party sellers who Plaintiff alleges "likely" purchased this keyword—the remaining 3 were third party infringers, unlawfully using or showing the words "Royal Silk" in their product listings.

Absent from this August 19, 2020, search was any mention of the Royal Silk Store or any product listings for Royal Silk pocket squares or handkerchiefs, of which there are allegedly over 200 product listings.

Plaintiff continued his examination of the website's search feature, querying "Royal Silk" under the women's department and the men's department, with similarly frustrating results. On that same day, Plaintiff searched for "Royal Silk Store," hoping to find a link to the authorized Royal Silk "storefront." The website produced 5000 results; the first page had 62 product listings of which zero were Plaintiff's merchandise. The second page had one. The third page had zero.

Plaintiff alleges that the above search results, and more recent results, are "outright false or outright erroneous" as well as "false, deceptive and misleading in each case and likely to cause mistake or to deceive the public about the origin, sponsorship, connection, association, or affiliation of the third-party sellers to Plaintiff and its valid Royal Silk marks." Dkt. #49 at 15.

Plaintiff alleges that Amazon has misappropriated his trademark name by using the keyword "Royal Silk" on its webpage in various ways that: confuse the customer, "rob and thwart Plaintiff's ability to exercise his right to quality and image control," and ultimately allow Amazon to "unlawfully profit[] from its own brands' targeted use of Plaintiff's marks." *Id*. at 18. Plaintiff alleges that Amazon sells the "Royal Silk" keyword to third party advertisers. *Id.* at 19.

ORDER GRANTING IN PART MOTION TO DISMISS - 3

Tellingly, Plaintiff points to Amazon's ability to avoid serving up infringers when it comes to keyword searches for its own products. As alleged, Amazon does not allow third-party sellers to bid on the keywords "Fire TV" or "Echo Show" or "Ring Doorbell," products or services exclusively sold by Amazon. *Id*. at 18.

The Amended Complaint has new facts about Defendant Bezos. *Id*. at 19–21. For example, Plaintiff alleges that "at some point, around 2015 or 2016, Amazon changed its search engine policy and stopped screening for trademarks," and that "it is reasonable and likely that Mr. Bezos, the central corporate figure and the guiding spirit at Amazon, personally directed, controlled, ratified, endorsed and directly participated as the active, moving, conscious force in the Lanham Act and Unfair Competition wrongful actions that have injured Plaintiff." *Id*.

Plaintiff's original Complaint brought causes of action for: trademark infringement and contributory trademark infringement under 15 U.S.C. § 1114(1)(a), false designation of origin under 15 U.S.C. § 1125(a)(1)(A), false advertising under 15 U.S.C. § 1125(a)(1)(B), trademark dilution and contributory dilution under 15 U.S.C. § 1125(c), trademark dilution under N.Y. General Business Law § 360-1, common law trademark infringement, and unfair competition under the common law of New York. Dkt. #1.

Amazon moved to dismiss all of Plaintiff's claims under Rule 12(b)(6). Dkt. #41. The Court granted that Motion in part with leave to amend. Dkt. #46. The Court did, however, dismiss with prejudice Plaintiff's 15 U.S.C. § 1114(1)(a) trademark infringement claims.

The Amended Complaint brings causes of action for false designation of origin under 15 U.S.C. § 1125(a)(1)(A), false advertising under 15 U.S.C. § 1125(a)(1)(B), breach of the implied covenant of good faith and fair dealing, trademark dilution under N.Y. General Business Law § 360-1, and unfair competition under the common law of New York. Dkt. #49. Plaintiff alleges these claims against both Defendants Amazon.com and CEO Jeff Bezos.

## III. DISCUSSION

### A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### B. False Designation of Origin (Claim 1)

Amazon moves to dismiss this claim, stating:

> While the Court originally declined to dismiss Mr. Melwani's false designation of origin claim on the grounds that Amazon had not clearly addressed that claim, it did dismiss Mr. Melwani's trademark infringement claim, with prejudice. *See* Dkt. 46 at 5-6 ("*Multi Time* is directly on point and forecloses Plaintiff's ability to bring this [trademark infringement] claim as a matter of law."). The Court's ruling on the trademark infringement claim provides

the basis for dismissal of the false designation of origin claim as well. "Under the Lanham Act, a claim for false designation of origin has the same elements as a claim for trademark infringement." *Rousselot B.V. v. St. Paul Brands, Inc.*, No. SA CV 19-0458-DOC (ADSx), 2019 WL 6825763, at *13 (C.D. Cal. July 24, 2019); *see also Lahoti v. Vericheck, Inc.*, No. C06-1132JLR, 2007 WL 2570247, at *7 n.11 (W.D. Wash. Aug. 30, 2007) ("The familiar 'likelihood of confusion' test is the standard of liability, whether the claim is one for unfair competition, false designation of origin, or infringement."). The Court's ruling that Mr. Melwani could not plead trademark infringement as a matter of law therefore also means that he cannot plead false designation of origin.

Dkt. #50 at 7–8.

The Court has already found *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930 (9th Cir. 2015) directly on point for the now-dismissed trademark infringement claim. Amazon has adequately addressed the legal standard for Plaintiff's false designation of origin claim, and explained why the same result—dismissal—should occur here. The Court will dismiss this claim with prejudice consistent with the holding in *Multi Time* and the Court's prior Order.

**C. False Advertising Claim (Claim 2)**

Section 43(a) of the Lanham Act "creates two distinct bases of liability: false association, 15 U.S.C. § 1125(a)(1)(A), and false advertising, 15 U.S.C. § 1125(a)(1)(B)." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014). False association claims arise from representations about "the affiliation, connection, or association," or "the origin, sponsorship, or approval" of goods or services. 15 U.S.C. § 1125(a)(1)(A). False advertising claims, by contrast, arise only from representations regarding "the nature, characteristics, quality, or geographic origin" of goods or services. *Id*. § 1125(a)(1)(B).

In *Lasoff v. Amazon.com, Inc.*, 741 F. App'x 400, 401 (9th Cir. 2018), the Ninth Circuit held that "Amazon is permitted to use a trademarked search term to direct consumers to competing products, as long as the search results are clearly labeled." The court dismissed the

ORDER GRANTING IN PART MOTION TO DISMISS - 6

plaintiff's false advertising claims as "duplicative of his infringement claim." *Id*. The court explained that false advertising claims must be based on "false representations in advertising concerning the qualities of goods or services," and that in providing results for trademarked search terms, "Amazon did not make any statements about the quality of Mr. Lasoff's products." *Id*.

As in *Lasoff*, Mr. Melwani's false advertising claim generally turns on the same allegations as his trademark infringement claim, and Mr. Melwani has still not plausibly alleged any statements by Amazon about the quality of Mr. Melwani's products. Instead, Mr. Melwani now pleads that Amazon makes false statements about competitor products that somehow damage his company, *e.g.* by selling products advertised as silk when they are actually polyester. However the example listing attached to the Amended Complaint states "Material: 100% polyster [sic] feeling silk." Dkt. #49 at 40. Other listings correctly describe their product as satin rather than silk. Amazon is simply displaying product listings from third parties with information provided by those third parties. Taking everything in the pleadings as true and making all *reasonable* inferences in favor of Plaintiff, Mr. Melwani has again failed to demonstrate false representations in advertising concerning the qualities of goods or services that have damaged Mr. Melwani. The Court is convinced Mr. Melwani cannot plead this claim after allowing amendment. The false advertising claim is dismissed with prejudice.

**D. Implied Covenant of Good Faith and Fair Dealing (Claim 3)**

Mr. Melwani's third cause of action is for "breach of the implied covenant of good faith and fair dealing under Washington state law." Dkt. #49 at 2. Under Washington law, "[t]here is in every contract an implied duty of good faith and fair dealing" that "obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Rekhter v. Dep't of Soc. & Health Servs.*, 180 Wn.2d 102, 112, 323 P.3d 1036 (2014) (quoting *Badgett v.*

ORDER GRANTING IN PART MOTION TO DISMISS - 7

*Sec. State Bank*, 116 Wn.2d 563, 569, 807 P.2d 356 (1991)). The implied covenant of good faith and fair dealing "cannot add or contradict express contract terms and does not impose a free-floating obligation of good faith on the parties." *Id*. at 113. Instead, "the duty arises only in connection with terms agreed to by the parties." *Id*. (citations omitted). The duty can arise "when the contract gives one party discretionary authority to determine a contract term." *Id*. (quoting *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wn. App. 732, 738, 935 P.2d 628 (1997)).

This cause of action cites to the Business Solutions Agreement ("BSA"), entered into in 2006. Dkt. #49 at 23. However, it does not cite any particular contract term as to which Amazon is not acting in good faith. Instead, Mr. Melwani pleads Amazon offered "brand protection" by being part of the Amazon Brand Registry. This is too vague to satisfy the above standard and the pleading otherwise appears to "impose a free-floating obligation of good faith on the parties." While it may be true that Amazon has discretion in protecting brands, and has failed to reasonably use its discretion to assist Mr. Melwani, such has not clearly been attached to a contract term in the pleading. Accordingly, this claim is properly dismissed under Rule 12(b)(6). Given the standard for granting leave to amend previously stated by the Court, *see* Dkt. #46 at 10–11, and the fact that Mr. Melwani has never previously pled this cause of action, the Court will dismiss with leave to amend.

E. **New York claims for Unfair Competition and Dilution (Claims 4 and 5)**

"The essence of an unfair competition claim under New York law is that the defendant has misappropriated the labors and expenditures of another…. Central to this notion is some element of bad faith." *Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980); *see also Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 35 (2d Cir. 1995) (In order to state a claim for unfair competition under New York law, "there must be

some showing of bad faith."). Similarly, a claim under New York's anti-dilution statute requires "either likelihood of confusion or bad faith." *Nina Ricci, S.A.R.L. v. Gemcraft Ltd.*, 612 F. Supp. 1520, 1532 n.11 (S.D.N.Y. 1985) (citing *Beneficial Corp. v. Beneficial Cap. Corp.*, 529 F. Supp. 445, 451 (S.D.N.Y. 1982)).

In support of this claim, the Amended Complaint pleads:

> Defendants have acted negligently, unreasonably and in bad faith through its imperfect contract performance by evading the spirit of the bargain that Defendants purported to offer to rights owners who signed-on to the Amazon Brand Registry program, by abuse of its discretionary power to specify terms whereby certain brand marks were "gated," by failure to exercise its discretionary duties to inform brand owners about the use and sale of the latter's trademarks in advertising, and by failure to fully cooperate with Plaintiff's concerns about third-party infringers and counterfeiters of the Royal Silk marks and sellers of fake silk products.

Dkt. #49 at 26.

Mr. Melwani has added specific allegations of Amazon's bad faith connected to its Brand Registry program and the long-simmering presence of third-party sellers using the Royal Silk marks. The Court has already found Plaintiff failed to demonstrate a likelihood of confusion as a matter of law in the federal context. However, making all reasonable inferences in the light most favorable to the non-moving party, Plaintiff's new accusations could reasonably demonstrate bad faith, depending on how the facts shake out through the discovery process and at trial. Plaintiff has plausibly plead that Amazon has "misappropriated" the good will of his brand, in bad faith, and profited by the sale of third-party products. Amazon has otherwise failed to demonstrate a legal basis to dismiss these claims. Accordingly, the Court denies Amazon's Motion to dismiss Plaintiff's New York unfair competition and dilution claims.

### F. Claims against Amazon CEO Jeff Bezos

The Lanham Act imposes liability for trademark infringement and other acts of unfair competition on a corporate officer who authorizes, directs, or participates in the unlawful acts. *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823-24 (9th Cir. 1996); *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999). Cases finding "personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, or the 'central figure' in the challenged corporate activity." *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1069 (9th Cir. 2016) (quoting *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 523 n.10 (9th Cir. 1989)).

The Court finds that Mr. Melwani's allegations against Mr. Bezos continue to be conclusory, speculative, and insufficient to state a claim, even after amendment. There are no allegations of bad faith specific to Mr. Bezos. Accordingly, these claims are dismissed with prejudice.

### G. Leave to Amend to add Unjust Enrichment Claim

Mr. Melwani seeks leave to add a claim for unjust enrichment under Washington Law only if the Court dismisses his claim for unfair competition. Dkt. #54 at 17. Mr. Melwani states that such a claim would otherwise be duplicative. *Id.*

Because the Court has not dismissed Mr. Melwani's claim for unfair competition, the Court declines to grant leave to amend to add this claim.

### IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant Amazon.com, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint, Dkt. #50, is GRANTED IN PART as stated above. Plaintiff's first and

second causes of action are dismissed with prejudice. Plaintiff's third cause of action is dismissed with leave to amend. Plaintiff's fourth and fifth causes of action are not dismissed. Plaintiff's claims against Jeff Bezos are dismissed with prejudice.

2) Plaintiff's cross-motion for leave to amend, Dkt. #54, is DENIED.

3) If Plaintiff wishes to amend his third cause of action (breach of the implied covenant of good faith and fair dealing), he shall file a second amended complaint consistent with the above no later than thirty (30) days after the date of this Order. Such amended complaint must remove all causes of action dismissed with prejudice by the Court. If Plaintiff declines to amend his third cause of action, the parties can continue to operate off of the existing Amended Complaint given the holdings of this Order.

DATED this 25th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE