UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRAKASH MELWANI,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 2:21-cv-01329-RSM<br><br>ORDER ON JOINT STATEMENT OF DISPUTE REGARDING PROTECTIVE ORDER |

## I.    INTRODUCTION

This matter comes before the Court on a Joint Statement of Dispute Regarding Protective Order. Dkt. #73.

Plaintiff Melwani is the owner of the Royal Silk trademark and manufactures and sells a wide variety of products using this trademark. Defendant Amazon.com is the well-known online retail giant. Mr. Melwani claims that Amazon's advertising and search results dilute and tarnish his "Royal Silk" mark, and that Amazon knowingly engaged in unfair competition through bad-faith misappropriation and profiteering of the "Royal Silk" mark. Dkt. #49 at 20-23. The parties exchanged Initial Disclosures on January 16, 2023, Dkt. #65, and at their 26(f) Conference agreed

ORDER ON JOINT STATEMENT OF DISPUTE REGARDING PROTECTIVE ORDER - 1

that a protective order pertaining to sensitive business documents and other information was needed. Dkt. #64 at 3.

The parties first disagree as to whether the protective order should include a "Highly Confidential – Attorneys' Eyes Only" confidential tier. Amazon seeks Attorneys' Eyes Only ("AEO") designation for responses to requests for production, 4 – 9, 11, 14, and 15 and interrogatories 6, 7, 11, and 12. Mr. Melwani, however, believes that the Stipulated Protection Order is sufficient assurance for Amazon and that it should not have an issue producing the information to him because it has produced such confidential information in other cases without incident or cause for concern.

Amazon proposes that the Protective Order include both a "Confidential" tier and a "Highly Confidential—Attorneys' Eyes Only" tier, whereas Mr. Melwani proposes only a "Confidential" tier with the following definition:

> "'Confidential' material shall include information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: The parties must include a list of specific documents such as "company's customer list" or "plaintiff's medical records;" do not list broad categories of documents such as "sensitive business material".

Dkt. #75-3. On the other hand, Amazon defines "Confidential" as the first sentence of Mr. Melwani's proposed definition and proceeds to include a "Highly Confidential – Attorneys' Eyes Only" tier. This tier is defined as:

> "extremely sensitive 'Confidential' material, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means."
> *Id.*

ORDER ON JOINT STATEMENT OF DISPUTE REGARDING PROTECTIVE ORDER - 2

Rule 26(c) requires that a party seeking a protective order show good cause by demonstrating that a particular need for protection exists. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986).

In *DeFreitas v. Tillinghast*, No. 2:12-CV-00235, 2013 WL 209277 (W.D. Wash. Jan. 17, 2013), Mr. DeFreitas sought financial and performance information relating to the business operations of NBCNews.com ("NBCU"). The court allowed NBCU to designate such business records as AEO because Mr. DeFreitas worked for a direct competitor, and because "a designation of AEO for sensitive business documents would shield NBCU from the undue burden and specific harm of providing proprietary information to a competitor." 2013 WL 209277 at *4. Unlike Mr. DeFreitas, Mr. Melwani is not a competitor to Amazon. Even if the information being sought by Mr. Melwani is similar to the information that Mr. DeFreitas sought from NBCU, the lack of competition between the parties is an important distinction. Amazon claims that divulging information about its search engine function, the pricing of keywords that were sold to third-parties, and Amazon's monthly and annual dollar sales for 'Amazon Ads' would give Mr. Melwani an unfair advantage over third-party sellers that use the Amazon platform to sell their products. Dkt. #73 at 3-4. This is not a claim of specific harm to Amazon, but rather harm that third parties who use Amazon's platform might suffer. It is also speculative. Any potential harm is unlikely to cause Amazon embarrassment, oppression, or undue burden or expense given that Mr. Melwani is an individual vendor in a sea of online vendors on the Amazon platform.

A protective order AEO designation can be justified by a party's strong interest in avoiding disclosure of its data or information to a competitor. Any potential harm to third parties

ORDER ON JOINT STATEMENT OF DISPUTE REGARDING PROTECTIVE ORDER - 3

or Amazon that such disclosure may bring must also be balanced against Mr. Melwani's need for this information. As stated above, Amazon fails to show specific harm and also fails to adequately address how a pro se party is expected to proceed under these circumstances. For these reasons, Amazon fails to convince the Court that Mr. Melwani must hire counsel to review this information.

Rule 26(c) gives the court discretion to provide protective orders in matters that deal with trade secret discovery requests. However, the mere presence of trade secrets does not automatically entitle the producing party to a protective order limiting or restricting discovery to AEO. *See* Advisory Committee Notes to 1970 Amendments to Rule 26(c). Rather, the burden is on the producing party to show that AEO protection is warranted. Here, Amazon fails to explain why a stringent tier of AEO is needed, rather than "Confidential,".

## II.   CONCLUSION

Having reviewed the Joint Statement of Dispute and the remainder of the record, the Court hereby finds and ORDERS that the parties' Joint Statement of Dispute Regarding Protective Order, Dkt #73, is DENIED.

DATED this 3rd day of July, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON JOINT STATEMENT OF DISPUTE REGARDING PROTECTIVE ORDER - 4