UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRAKASH MELWANI,

          Plaintiff,

    v.

AMAZON.COM, INC., et al.,

          Defendants.

CASE NO. C21-1329RSM

ORDER DENYING MOTION FOR RECONSIDERATION

This case comes before the Court on Plaintiff Prakash Melwani's Motion for Reconsideration, Dkt. #124. The Court has determined that a response brief is unnecessary. *See* LCR 7(h)(3).

Mr. Melwani seeks reconsideration of the Court's recent Order granting in part and denying in part Defendant's Motion for Summary Judgment, Dkt. #123. Specifically, Mr. Melwani argues the Court erred in its application of New York unfair competition law and that it incorrectly stated the law from *E.J. Brooks Co. v. Cambridge Sec. Seals*, 31 N.Y.3d 441 (2018). Dkt. #124 at 2. The Court's Order concluded that "Plaintiff has failed to demonstrate 'the amount which the plaintiff would have made except for the defendant's wrong,' *see E.J. Brooks*, *supra*, that such is an essential element of his claim for compensatory damages, and that his failure means he cannot seek compensatory damages at trial." Dkt. #123 at 11. Mr. Melwani states:

ORDER DENYING MOTION FOR RECONSIDERATION – 1

> In fact, *E.J. Brooks 2018*, at 447, held that "the amount of damages recoverable in an action for misappropriation of trade secrets may be measured either by the plaintiff's losses . . . **or by the profits unjustly received by the defendant**" (*E.J. Brooks Co. v Cambridge Sec. Seals*, 2015 WL 9704079, *4 ("*E.J. Brooks 2015*"). Further, *E.J. Brooks 2018*, at 441, held that: "To be sure, **courts may award a defendant's unjust gains as a proxy for compensatory damages in an unfair competition case**…"

*Id*. (emphasis in original).

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

Mr. Melwani appears to be focusing on selective portions of *E.J. Brooks*, *supra,* while misstating the law. This case states that in New York unfair competition cases, "[d]amages must correspond to 'the amount which the plaintiff would have made except for the defendant's wrong . . . , not the profits or revenues actually received or earned' by the defendant." *E.J. Brooks*, 31 N.Y.3d at 449 (quoting cases). Mr. Melwani, as noted above, quotes a different portion of the case dealing with a different claim: "misappropriation of trade secrets." As Mr. Melwani is not bringing a claim for misappropriation of trade secrets, this is inapposite. His second quote above states that a court *may* award defendant's unjust gains as a proxy for compensatory damages, but goes on to say, "[h]owever, the accounting for profits under such circumstances is not *in lieu of* … damages but is *a method of computing* damages," and that "[s]uch a computation of damages may be appropriate where a plaintiff's actual losses cannot 'be traced with even approximate

ORDER DENYING MOTION FOR RECONSIDERATION – 2

precision,' but even in those cases it must first be shown that there is 'some approximate relation of correspondence, a causal relation not wholly unsubstantial and imaginary, between the gains of the aggressor and those diverted from his [or her] victim.'" *Id*. at 450 (emphasis in original). Here, Mr. Melwani has not demonstrated that the Court can or should use this proxy for compensatory damages. To the contrary, he has stood in the way of any attempts to calculate his actual losses by refusing to produce any evidence of his own profits and revenues and agreeing that he would not rely on such in this case. *See* Dkt. #123 at 10–11. Accordingly, this citation to *E.J. Brooks*, raised for the first time now, fails to convince the Court that it erred and instead reinforces the Court's understanding that Amazon's unjust gains cannot be used as a basis for calculating compensatory damages in this case.

After the above quoted portions of the Motion for Reconsideration, Mr. Melwani cites to the dissent in *E.J. Brooks* and argues generally that his unfair competition claim should be considered under equity. Dkt. #124 at 2. None of these arguments or citations convince the Court that it erred in finding that the claims for compensatory damages should not survive summary judgment. Mr. Melwani then cites a Ninth Circuit case interpreting California law. *Id*. at 3–4. This is not illuminating as Mr. Melwani's claim is brought under New York law.

Mr. Melwani next argues that *E.J. Brooks* "actually endorsed the application of punitive damages in unfair competition cases without a showing of conduct directed at the public," and that this Court "has not cited a single case where punitive damages were disallowed specifically for unfair competition when pled properly under New York law." *Id*. at 5. The Court disagrees that *E.J. Brooks* stands for that proposition, or otherwise overrides the New York law cited by Amazon and the Court on the subject. The Court stands by its analysis on this issue. *See* Dkt. #123 at 11–12. Mr. Melwani fails to raise any other manifest error in the prior ruling or a showing

ORDER DENYING MOTION FOR RECONSIDERATION – 3

of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence.

Finally, the Court notes Mr. Melwani's request in the alternative for the opportunity to amend his complaint again to cure these issues. Dkt. #124 at 6. Leave to amend might be considered if Amazon was moving to dismiss under Rule 12. However, that phase of this case has come and gone. Now, after discovery has concluded, Amazon has moved for summary judgment under Rule 56. Accordingly, further leave to amend is not procedurally appropriate or fair to Amazon, and Mr. Melwani has in any event failed to demonstrate that the issues here could be cured by amendment.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Prakash Melwani's Motion for Reconsideration, Dkt. #124, is DENIED.

DATED this 5th day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION – 4